Murray N. Jacobson, Esq. Town Attorney, Clarkstown
You have asked whether one person may hold simultaneously the positions of director of finance for a town and member of the town's zoning board of appeals.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The Town of Clarkstown is a suburban town governed by article 3-A of the Town Law. Under these provisions, the town supervisor may appoint a director of finance to assist the supervisor in the preparation of the preliminary budget and the capital budget and in the administration of the fiscal operations of the town (Town Law, § 52 [1]).
The zoning board of appeals reviews determinations made by administrative officials charged with enforcement of zoning regulations and hears others matters referred to it under the zoning regulations (id., § 267 [2]).
In our view, these two functions are separate and independent of one another, and there is no apparent potential for incompatibility between the duties of the two offices. While no conflicts are foreseeable, in the event that one should arise the appropriate remedy would be recusal.
We conclude that the offices of town director of finance and member of a town zoning board of appeals are compatible.